# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

NATHAN PERKINS,

    Petitioner,

:

Case No. 3:08-cv-277

-vs-

:

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

WANZA JACKSON, Warden,

:

    Respondent.

---

## DECISION AND ORDER

---

This case is before the Court on Respondent's Motion for Reconsideration (Doc. No. 13) which Petitioner opposes (Doc. No. 16).

On February 9, 2009, Petitioner moved to supplement the record by adding "a time-stamped copy of his Motion to Dismiss Counsel, which was part of the record of the State proceedings, but is not in the record before this Court." (Doc. No. 11 at 1.) The Court should have denied the Motion, not substantively but procedurally, because it does not comply with S. D. Ohio Civ. R. 7.3. Nevertheless, to avoid delay and ex parte contact with Respondent's counsel to see if the Motion was opposed and primarily because the Motion seemed noncontroversial, the Court granted it summarily by notation order without waiting for a response from Respondent.[1]

---

[1] Failure of counsel to comply with S. D. Ohio Civ. R. 7.3 puts the Court in an awkward position. In a non-capital habeas corpus case, the petitioner's liberty interest is at stake and is compromised by every day the courts delay in deciding the case. Denying a motion on Rule 7.3 grounds creates delay, but even more delay is created by just waiting the 21 days provided for response in S. D. Ohio Civ. R. 7.2 to see if a response will be filed. While the Court believes

-1-

Respondent opposes the Motion to expand the record on grounds related to the appropriate inferences to be drawn on the merits of this case from the document sought to be added. In response, Petitioner notes that the material sought to be added is a time-stamped copy of a part of the state court records in this case, part of the record on appeal in the state court system.

Rule 5 of the Rules Governing § 2254 Cases when specifying the contents of an answer seems to contemplate much less than the entire state court record – its speaks mainly of transcripts, briefs, and appellate decisions. Rule 7(b), in contrast, describes materials well beyond the state court record.

While the question is thus not governed by the literal words of the Habeas Rules, it would be rare for this Court to deny a motion to expand the record here to include additional matter which was before the state court and is arguably relevant to the claims in the petition. The motion to dismiss which was sought to be added to the record by Petitioner's Motion clearly comes within that description, which is why the Motion was summarily granted.

Accordingly, upon reconsideration, the Court adheres to its original decision to expand the record as requested. This case is deemed ripe for decision as of the date of this Order.
February 21, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

---

that an *ex parte* contact to find out if there is opposition is justified under the Code of Conduct for Judges, such contacts approach the boundaries of permissible conduct and therefore should not be lightly done. Rule 7.3 was adopted largely to encourage professionalism among counsel, but also to avoid the necessity for ex parte contact by the Court.