# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

NATHAN PERKINS,
:
    Petitioner,                                  Case No. 3:08-cv-277

                                         :           District Judge Thomas M. Rose
   -vs-                                                  Magistrate Judge Michael R. Merz

WANZA JACKSON, Warden,
:
    Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Nathan Perkins, represented by the Ohio Public Defender, brought this action to obtain habeas corpus relief from his conviction and sentencing in the Montgomery County Common Pleas Court for felonious assault, kidnaping, having weapons under a disability, and failure to comply with the order or signal of a police officer. He pleads the following grounds for relief:

> **Ground One:** The trial court violated Mr. Perkins' Sixth Amendment right to counsel of choice, most recently recognized in *United States v. Gonzalez-Lopez,* 548 U.S. 140 (2006), when it denied his motion for leave to substitute retained counsel.
>
> **Ground Two:** When the trial court denied Petitioner's request to substitute newly retained counsel because of a conflict with prior counsel, the court deprived Petitioner of his Sixth and Fourteenth Amendment right to effective assistance of counsel.
>
> **Ground Three:** Petitioner's appellate counsel provided ineffective assistance of counsel under *Evitts v. Lucey*, 469 U.S. 387 (1985) by failing to raise claims asserting a violation of Petitioner's Double Jeopardy rights under the Fifth Amendment and a violation of his Due Process rights under the Fifth and Fourteenth Amendments to the Constitution.

(Petition, Doc. No. 1, at 16, 18, & 19.)

## Procedural History

Petitioner was indicted by the Montgomery County Grand Jury on two counts of felonious assault, one count of having weapon while under disability, one count of failure to comply with an order or signal of a police officer, and one count of kidnapping. (Indictment, Ex. 1 to Return of Writ, Doc. No. 5). A formal plea of not guilty by reason of insanity was filed December 30, 2005. *Id*., Exhibit 2. Petitioner had previously stipulated that he was competent to stand trial and no issue of his competency was raised either in the state courts or in the Petition. On February 23, 2006, he pled no contest, pursuant to a plea agreement, to all counts of the indictment except one count of felonious assault. He was then sentenced to twelve imprisonment on March 6, 2006.

Petitioner took a direct appeal to the Montgomery County Court of Appeals raising the following assignments of error:

> 1. The trial court erred to Defendant-Appellant's prejudice when it overruled his motion to dismiss for violation of his right to a speedy trial as dictated by the Sixth Amendment of the U.S. Constitution, Article I, §10 of the Ohio State Constitution, and R.C. §2945.71.
>
> 2. The trial court abused its discretion when it overruled Defendant-Appellant's motion to continue and for leave to withdraw as counsel.
>
> 3. Defendant-Appellant was denied his Sixth Amendment right to effective assistance of counsel as a result of the trial court overruling his motion to continue and for leave to withdraw as counsel and his rights under the Sixth Amendment Rights were violated.

(Appellant's Brief, Exhibit 8 to Return of Writ, Doc. No. 5.) The Court of Appeals affirmed the

conviction, *State v. Perkins*, 2007 Ohio 136, 2007 Ohio App. LEXIS 130 (Ohio App. 2nd Dist. Jan. 12, 2007), and the Ohio Supreme Court declined to allow a discretionary appeal. *State v. Perkins*, 113 Ohio St. 3d 1515, 2007 Ohio 2208, 866 N.E. 2d 513 (2007).

In April, 2007, Petitioner filed an application to reopen his direct appeal to raise the following two omitted assignments of error as proof of ineffective assistance of appellate counsel:

> 1. Appellate counsel failed to raise the claim of Allied Offenses and/or Double Jeopardy, although counsel was notified by the appellant to raise the issue and although counsel agreed that this issue would be a good issue to raise.
>
> 2. Appellate counsel was ineffective for failing to recognize that the Appellants Constitutional rights, protected by the Ex Post Facto and Due Process Clauses were violated.

(Rule 26(B) Application, Exhibit 14 to Return of Writ, Doc. No. 5). The Court of Appeals denied the Application and the Ohio Supreme Court again denied review. (Exhibits 17 and 19 to Return of Writ, Doc. No. 5).

Petitioner then filed the instant Petition for habeas corpus relief.

**Ground One**

In his First Ground for Relief, Perkins asserts the Common Pleas Court denied his right to counsel of his choice when it refused to permit him to substitute new retained counsel, Griff Nowicki, for previously retained counsel, Lawrence White, four days before trial.

Respondent contends this claim is not cognizable in federal habeas corpus because the grant or denial of a continuance is a matter of discretion and abuse of discretion is not a constitutional violation. This defense is not well taken because Petitioner has framed the issue as one of federal

constitutional dimensions, rather than asking this Court to review the Common Pleas Court's exercise of its discretion.

Judge Wolff's opinion for the Montgomery County Court of Appeals on the second assignment of error is as follows:

> [*P15] Perkins' Second Assignment of Error:
>
> [*P16] "The trial court abused its discretion when it overruled Defendant-Appellant's motion to continue and for leave to withdraw as counsel."
>
> [*P17] In his second assignment of error, Perkins contends that the trial court abused its discretion by denying his request for a continuance in order to retain new counsel. Because Perkins had already been represented by five attorneys (only one of whom the record shows was replaced for reasons beyond Perkins' control), the trial court did not abuse its discretion in denying Perkins' request for a continuance in order to retain new counsel made just four days before his trial was scheduled to begin.
>
> [*P18] The Sixth Amendment to the United States Constitution establishes a defendant's right to representation. Nevertheless, that right must be balanced against the effective and efficient administration of justice. *State v. Hook* (1986), 33 Ohio App.3d 101, 103, 514 N.E.2d 721. Additionally, a defendant's right to retain counsel of his own choosing is not an unqualified right. *State v. Keenan* (1998), 81 Ohio St.3d 133, 137, 1998 Ohio 459, 689 N.E.2d 929. Therefore, when considering a motion for a continuance or for new counsel, a trial court must balance "any potential prejudice to a defendant against concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 423 N.E.2d 1078. See, also, *United States v. Gonzalez-Lopez* (2006),   U.S.  , 126 S. Ct. 2557, 165 L. Ed. 2d 409.
>
> [*P19] Accordingly, a reviewing court will not reverse a trial court's decision to deny a motion for a continuance or a motion for new counsel absent an abuse of discretion. *Unger, supra*. The factors to be considered when considering a motion for a continuance include: the length of the requested continuance; any prior continuances; the inconvenience to the litigants, witnesses, opposing counsel and the

> court; reasons for the delay; whether the defendant contributed to the delay; and other relevant factors. *Unger, supra*; *State v. Landrum* (1990), 53 Ohio St.3d 107, 559 N.E.2d 710. A trial court abuses its discretion when its decision is the product of "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Medical Bd.* (1993), 66 Ohio St.3d 619, 621, 1993 Ohio 122, 614 N.E.2d 748.
>
> [*P20] In this case proceedings had already been significantly delayed for several months by Perkins' competency and NGRI evaluations and also in large part due to his continuous refusal to cooperate with examiners in regard to the second NGRI evaluation. The timeliness of trial was further thwarted by Perkins' repeated replacement of attorneys. Just four days prior to trial, Perkins sought yet another continuance in order to replace his fifth attorney with a sixth. We will not conclude that under these circumstance the trial court abused its discretion in denying Perkins' motion for a continuance in order to retain new counsel. Therefore, Perkins' second assignment of error is overruled.

*State v. Perkins,* 2007 Ohio App. LEXIS 130 at ¶¶ 15-20 (Ohio App. 2nd Dist. Jan. 12, 2007).

In the Traverse, Petitioner's counsel attempts to completely reconstruct this case into something it is not. Counsel captions a portion of the Traverse "This is not about the denial of a motion for continuance" (Traverse, Doc. No. 12, at 8). Counsel then proceeds to claim there is no record evidence that the proposed new counsel needed a continuance. *Id*. Counsel even asserts, with no record reference, "The attorney of Mr. Perkins' choice, Mr. Nowicki, was present in the courthouse during the February 23, 2006 hearing and was fully prepared to proceed with the case." *Id*. at 7.

These assertions are not grounded in the record. What Mr. Perkins told Judge Kessler was "Now, I've spoke [sic] with another attorney who was paid and was supposed to be here today, a Mr. Griff Nowicki, and I don't know what's happened with that." (Transcript, February 23, 2006, at p. 4, ll. 17-20, Exhibit 6 to Return of Writ, Doc. No. 5). The natural reading of "was supposed

to be here ... I don't know what's happened with that" is that in fact Mr. Nowicki was not there. Certainly there is no documentary proof of record that Mr. Nowicki had accepted the representation – no motion to substitute, no copy of any receipt for the allegedly paid fee, no retainer agreement, etc.

Counsel's assertion that Perkins did not need a continuance and was not asking for one is further belied by Perkins' later comments to Judge Kessler: "I'm being denied a much needed continuance and proper time to prepare for trial. I'm being rushed and forced into trial with an attorney who has been fired and that is a conflict of interest. I'm being denied my right to go along with new counsel, counsel that has already been paid and retained. I'm being denied my right to a second opinion on my NGRI plea and be examined by an evaluator of my choice." *Id*. at p. 7, ll. 22-25 to p. 8, ll. 1-6.

Finally, Perkins' assertion that the desire to substitute counsel was not couple with a desire for a further continuance is belied by the appeal which was taken. As noted above, Perkins' second assignment of error on appeal combined those two claims. Mr. Perkins was represented on appeal by Mr. Nowicki, the same attorney who he claims was prepared to substitute for Mr. White and proceed to trial. Mr. Nowicki made no assertion to the Court of Appeals on Mr. Perkins behalf that he was prepared to proceed to trial and in fact asserted that he would have needed a continuance. (Appellant's Brief at 16, Exhibit 8 to Return of Writ.)

In sum, the request to substitute counsel and continue the trial were completely fused in Mr. Perkins mind when he made the request, in Judge Kessler's mind when he denied the request, and in the Court of Appeals' decision when they affirmed the denial.

The Sixth Amendment right to representation by counsel encompasses the right to be

represented by any qualified attorney one chooses, so long as one is not seeking appointed counsel at state expense. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006), citing *Wheat v. United States*, 486 U.S. 153, 159 (1988), and *Powell v. Alabama,* 287 U.S. 45, 53 (1932). However, nothing said in *Gonzalez-Lopez* "casts any doubt or places any qualification upon our previous holdings that limit the right to counsel of choice. . . . we have recognized a trial court's wide latitude in balancing the right to counsel of choice . . . against the demands of its calendar." *Gonzalez-Lopez,* 548 U.S. at 421, citing *Morris v. Slappy*, 401 U.S. 1, 11-12 (1983).

That is precisely what Judge Kessler did in this case. The case had been pending since May, 2005, or nine months. Petitioner was already complaining about his speedy trial rights and in fact later appealed on the basis that they had been abridged. At the same time, Petitioner was seeking a continuance of trial and a new attorney along with an opportunity to get another evaluation of whether he was entitled to be found not guilty by reason of insanity. Yet both the trial and appellate courts found he had frustrated the evaluation process by refusing to cooperate with the examiners.

Petitioner complains of Judge Kessler's failure to conduct an inquiry into his reasons for wanting to replace Mr. White, largely based on his Motion to Dismiss White which he filed *pro se* four days after his plea.[1] There is simply no evidence that that document was before Judge Kessler on February 23; the Clerk's time-stamp is to the contrary. Although this Court granted Petitioner's Motion to Expand the record to include that Motion, it is irrelevant to the claim Judge Kessler committed constitutional error because it was not before him. On appeal, Mr. Nowicki admitted on

---

[1] If Mr. Nowicki had already been hired and was ready to proceed to trial on February 27, 2006, why didn't he file the Motion on February 27th?

-7-

Petitioner's behalf that the Motion was not "journalized"[2] until February 27, 2006 (Appellant's Brief, Exhibit 8 to Return of Writ, Doc. No. 5).

The Supreme Court has recently elaborated on the standard of review of state court decisions on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law. See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To these ends, § 2254(d)(1) provides:
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."
>
> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S.Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.,* at 405-406, 120 S. Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

---

[2]Only entries and orders are journalized in Ohio state court practice. The document was time-stamped on February 27, 2006, showing filing with the Clerk and docketed the same day. A copy of the docket is attached as Exhibit B to Doc. No. 11.

> *Id.,* at 409- 410, 120 S.Ct. 1495. See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94, 122 S. Ct. 1843, 1849-50, 152 L. Ed. 2d 914 (2002).

> AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor, supra,* at 405; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam).* A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at 405; *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*

*Brown v. Payton,* 544 U.S. 133, 134 125 S. Ct. 1432, 161 L. Ed. 2d 334 (2005).

The Court concludes that the Montgomery County Court of Appeals decision in this case was not an objectively unreasonable application of *Morris v. Slappy* or *United States v. Gonzalez-Lopez.* The First Ground for Relief should therefore be denied on the merits.

**Ground Two**

In his Second Ground for relief, Petitioner asserts that the denial of his motion for substitution of counsel and a continuance deprive him of his right to the effective assistance of counsel under the Sixth Amendment.

Petitioner contends the Montgomery County Court of Appeals did not decide this question on the merits so that this Court must engage in de novo review of the claim (Traverse, Doc. No. 12, at 12.) That court's decision on the Petitioner's third assignment of error is as follows:

> [*P21] Perkins' Third Assignment of Error:
>
> [*P22] "Defendant-Appellant was denied his Sixth Amendment right to effective assistance of counsel."
>
> [*P23] Finally, Perkins claims that his fifth attorney was ineffective for failing to move for dismissal of the charges against him for speedy trial violations. Because we have found in the first assignment of error that Perkins' speedy trial time had not yet run before he entered his pleas, we cannot fault counsel for not seeking dismissal on those grounds. Perkins' third assignment of error is overruled.

*State v. Perkins*, 2007 Ohio App. LEXIS 130 at ¶¶ 21-23. In his Brief on appeal, Petitioner had listed two issues for review, the alleged error in not granting a continuance and substitution of counsel and the fact that his trial attorney had not filed a motion to dismiss on speedy trial grounds. Appellant's Brief at 2, Exhibit 8 to Return of Writ, Doc. No. 5). He did not argue the first of those issues separately from his claim that it was an abuse of discretion to deny the continuance. *Id*. at 17-18. The second issue was argued at some length but summarily rejected by the Court of Appeals in the quoted portion of their Decision because they had found no speedy trial violation.

Petitioner has not made a speedy trial claim in this Court. He argues his ineffective

assistance of trial counsel claim in terms of his belief that Mr. White was not competent to pursue a not guilty by reason of insanity claim and Mr. Nowicki would have done a better job of it. (Traverse, Doc. No. 12, at 13-15.) That claim, however, is procedurally defaulted because it was never presented to the state courts. As noted, Petitioner's claims in the Second District were that he was denied counsel of choice and ineffective assistance on the basis of Mr. White's failure to file a speedy trial motion to dismiss. Any proof that Perkins was prejudiced by his inability to have Nowicki present his NGRI defense necessarily would depend on matter outside the record on direct appeal – the Court of Appeals would have had no way to evaluate what it was that Mr. Nowicki would have done because it was not of record. Under those circumstances, Ohio provides a remedy by way of a petition for post-conviction relief on which a defendant can present matter outside the record. But Perkins has never filed such a petition and the time within which he could have done so under Ohio Revised Code § 2953.23 has long since expired. He cannot simply come into this Court in the first instance and obtain merit review of a claim he could have but did not raise in the state courts.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); see also *Simpson v. Jones*, 238 F. 3rd 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas

petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million,* 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963).

Petitioner's Second Ground for Relief as argued in the Traverse is barred by Petitioner's procedural default in presenting it to the state courts and should be dismissed with prejudice.\

## Ground Three

In his Third Ground for Relief, Petitioner raises two claims of ineffective assistance of appellate counsel: (1) failure to assign as error an asserted violation of Petitioner's Double Jeopardy rights under the Fifth Amendment and (2) failure to asserted a violation of his Due Process rights under the Fifth and Fourteenth Amendments.

Petitioner makes no separate argument on Ground Three in the Traverse, but relies on what was pled in the Petition. As the claim is spelled out in the Petition, it is

> Mr. Perkins' appellate counsel failed to assert the following assignments of error: 1) by convicting and sentencing Petitioner on both the felonious assault charge and the kidnapping charge, the state court violated Petitioner's Double Jeopardy rights under the Fifth Amendment to the United States Constitution (*North Carolina v. Pearce*, 395 U.S. 711(1969)); and 2) by retroactively applying the Ohio Supreme Court's "remedy" under State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, and imposing more than minimum, concurrent sentences, the state court violated the Due Process bar against the ex-post-facto application of a new judicial pronouncement recognized in *Bouie v. South Carolina,* 378 U.S. 347 (1964).

(Petition, Doc. No. 1, at 19.)

As with any other habeas corpus claim, a claim of ineffective assistance of appellate counsel

must first be exhausted in the state court system before being brought to federal court. *Edwards v. Carpenter,* 529 U.S. 446 (2000). The only method allowed under Ohio law for raising a claim of ineffective assistance of appellate counsel is by application for reopening the direct appeal under Ohio R. App. P. 26(B). Petitioner filed such an application and raised the two omitted assignments of error quoted above.

In his Application, Petitioner phrase his first omitted error as "Allied Offenses/Double Jeopardy," but he argued it entirely in terms of the Ohio allied offenses statute, Ohio Revised Code § 2941.25 and state case law interpreting that statute, particularly *State v. Rance*, 85 Ohio St. 3d 632 (1999). In denying the Application to Reopen, the Court of Appeals considered only state law and determined that, when the elements of kidnapping and felonious assault are considered in the abstract as required under *Rance*, they are not allied offenses of similar import. *State v. Perkins*, Case No. C.A. 21515 (Ohio App. 2nd Dist. May 7, 2007)(unpublished).

Mr. Perkins' argument in his Petition (Doc. No. 1 at 20) is that after the decisions in his case, the Ohio Supreme Court modified the *Rance* decision in *State v. Cabrales*, 118 Ohio St. 3d 54 (2008). This Court assumes without deciding that Petitioner is correct in his analysis of *Cabrales.* That fact is completely irrelevant to the claim of ineffective assistance of appellate counsel. *Cabrales* was decided after the direct appeal and even after the denial of Petitioner's Application for reopening. It cannot possibly have been ineffective assistance of counsel to fail to argue a point of law on the basis of a case decision which had not yet been made.

Separate from the question of whether Mr. Nowicki properly argued the allied offenses question on appeal is the question whether there was any violation of the Double Jeopardy Clause

as Petitioner now claims.[3] That Clause affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165(1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). The test for whether two offenses constitute the same offense is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 113 S. Ct. 2849, 2856, 125 L. Ed. 2d 556 (1993); *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932). Petitioner's claim that the consecutive sentences violate Ohio Revised Code § 2941.25 does not state a claim of violation of the United States Constitution. While that statute protects the same interests as the Double Jeopardy Clause, it is much broader than the Double Jeopardy Clause. Two offenses are different, for double jeopardy purposes, whenever each contains an element that the other does not. *See, e.g.*, *Blockburger v. United States,* 284 U.S. 299 (1932). Under Ohio law, felonious assault (as Mr. Perkins was convicted of it) consists in causing serious physical harm to another. Ohio Revised Code § 2903.11(A)(1). Kidnapping consists of removing a person from the place where the person is found or restraining the liberty of another person by force, threat, or deception, for one of five unlawful purposes. Ohio Revised Code § 2905.01. Obviously on their face these two crimes have different elements. Therefore under the *Blockburger* test Petitioner could be convicted of both.

The second omitted assignment of error is the claim that the "remedy" in State v. Foster, 109

---

[3]Consideration of this claim on the merits could be deemed barred by Petitioner's failure to fairly present this claim to the state courts, since he argued only an allied offenses violation and cited only state law. For completeness, the Magistrate Judge offers the merits analysis in the body of this Report.

Ohio St. 3d 1, 845 N.E. 2d 470 (2006), amounts to an ex post facto law under *Bouie v. South Carolina,* 378 U.S. 347 (1964). The Second District Court of Appeals found that it was not ineffective assistance of appellate counsel to fail to raise this claim because that court had already decided that the Foster remedy did not violate the Ex Post Facto Clause. *State v. Perkins*, Case No. C.A. 21515, slip opinion at 4 (Ohio App. 2nd Dist. May 7, 2007)(unpublished; copy attached as Exhibit 17 to Return of Writ, Doc. No. 5). It cannot be ineffective assistance of appellate counsel to fail to raise an argument which the deciding appellate court has previously rejected on the merits, at least in the absence of intervening contrary case law, which did not exist.

Moreover, the underlying assignment of error is without merit. This Court has repeatedly held that the Foster remedy for the unconstitutionality of S.B. 2 under *Blakely v. Washington*, 542 U.S. 296 (2004), does not have a prohibited ex post facto effect. *Smith v. Cook*, Case No. 3:08-cv-107 (S.D. Ohio Aug. 27, 2008)(Merz, M.J.); *Parker v. Warden*, 2008 WL 4547490 (S.D. Ohio, Oct. 10, 2008)(Rice, J.).

Therefore Ground Three for Relief should be denied.

## Conclusion

For the foregoing reasons, the Petition herein should be dismissed with prejudice.
March 17, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).