# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

NATHAN PERKINS,

              :

        Petitioner,                    Case No. 3:08-cv-277

                          :        District Judge Thomas M. Rose

    -vs-                        Magistrate Judge Michael R. Merz

WANZA JACKSON, Warden,

              :

        Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR CERTIFICATE OF APPEALABILITY

---

This habeas corpus case is before the Court on Petitioner's Motion for Certificate of Appealability (Doc. No. 25). On July 7, 2009, the Magistrate Judge recommended that the Motion be granted in its entirety. While adverting to the Supreme Court's adopted standards for the issuance of a certificate, the Magistrate Judge noted that the Warden had not opposed the Motion and therefore recommended that it be granted (R&R, Doc. No. 27). Respondent has objected (Doc. No. 28) and Petitioner has replied to those Objections (Doc. No. 35). The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

### A Certificate of Appealability May Properly Be Granted When a Request for a Certificate Is Unopposed

Respondent labels as "the most serious of several serious flaws in the magistrate's present

Report and Recommendation" the application of S. D. Ohio Civ. R. 7.2(a)(2) to "motions with the statutory requirements related to applications for a certificate of appealability." (Objections, Doc. No. 28). The Rule in question provides "[f]ailure to file a memorandum in opposition may be cause for the Court to grant any Motion, other than one which would result directly in entry of final judgment or an award of attorney fees."

Respondent first argues that "the pleading in issue is an application, not a motion." Respondent writes as if there were a clear distinction between "applications" and "motions" in habeas corpus practice or federal civil practice generally. That is not the case. First of all, the document in question is not a "pleading"; the Rules Governing § 2254 cases provide for only three pleadings: a petition, an answer, and a reply. Secondly, neither 28 U.S.C. § 2253(c)(2) nor Fed. R. App. P. 22(b), the two rules requiring a certificate of appealability on which Respondent relies, speaks of an "application." Indeed, Fed. R. App. P. 22(b) speaks of a "request" for a certificate. If the word "application" has any special meaning in habeas corpus jurisprudence, it is as a synonym for the original "petition." See 28 U.S.C. §§ 2254(a), (b)(1), (b)(2), (d), and (e)(1). In fact, nothing turns on this supposed distinction. Petitioner labeled his request for a certificate of appealability as a "motion" and that is entirely proper under Fed. R. Civ. P. 7(b) which provides "A request for a court order must be made by motion."

Respondent next accuses the Magistrate Judge of reversing "the statutory burden of going forward" by granting the unopposed motion for certificate of appealability. On the contrary, it is Respondent who has turned the adversary system upside down. Petitioner met his burden of going forward by asking for the certificate of appealability which Respondent did not timely oppose. Is this any different from the situation where a plaintiff files and serves a complaint to which a served

defendant does not timely respond?  Does anyone question the authority of a court to enter a default judgment under those circumstances?

Respondent then misconstrues the Report and Recommendations as granting a certificate of appealability on all claims made in the Petition, even the third claim on which no certificate was sought.  The Report is quite clear in recommending a certificate be granted "on all claims made in the Petition and for which review is sought." (Doc. No. 27 at 5.)

Respondent adverts to Sixth Circuit and Supreme Court authority criticizing blanket certificates of appealability and describing the "gatekeeper" role of district courts in considering requests for certificates.  See . *Banks v. Dretke*, 540 U.S. 668, 705 (2004);  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).  *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  None of these cases suggest that a district court must step into a respondent's shoes and create reasons for denying a certificate which have not been argued by a respondent.

As noted in the original Report, the "gatekeeper" role created by the certificate of appealability process is an unusual one for a trial court.  Ordinarily, a federal trial judge – indeed, any trial judge in an American jurisdiction – expects that his or her final decision will be subject to review on appeal.  Presumably, the prospect of reversal on appeal is one motivation for trial judges to follow appellate precedent, since being reversed is seldom gratifying to the ego.  The certificate of appealability process potentially invites a trial judge to decide that he or she is so certain of being right that only an unreasonable jurist could disagree.  In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), reversed a denial of a certificate of appealability by both the district and circuit courts.  It noted,

> The concept of a threshold, or gateway, test was not the innovation
> of AEDPA.  Congress established a threshold prerequisite to

> appealability in 1908, in large part because it was "concerned with
> the increasing number of frivolous habeas corpus petitions
> challenging capital sentences which delayed execution pending
> completion of the appellate process . . . ." *Barefoot [v. Estelle]*, supra,
> [463 U.S. 880] at 892, n. 3. By enacting AEDPA, using the specific
> standards the Court had elaborated earlier for the threshold test,
> Congress confirmed the necessity and the requirement of differential
> treatment for those appeals deserving of attention from those that
> plainly do not. It follows that issuance of a COA must not be pro
> forma or a matter of course.

*Miller-El*, 537 U.S. at 337. But while the Court did not authorize blanket certificates of appealability, it emphasized that it was a threshold test which was involved, and not a decision on the merits.

A threshold sifting of habeas appeals is particularly useful when a petitioner is proceeding *pro se* as is the case in the majority of federal habeas corpus cases. The district court's gatekeeper role is functionally important in *pro se* litigation, particularly when a *pro se* litigant seeks a blanket certificate. There is far less functional need for the role in a case such as this where the Petition was filed by experienced criminal counsel in the Ohio Public Defender's office who must already be very selective in the cases they bring and the appeals they take, given their overwhelming caseload.

### Respondent Has Forfeited Her Opportunity to Be Heard on the Merits

Having failed to contest the Motion for certificate of appealability within the time allowed by S. D. Ohio Civ. R. 7.2, Respondent proceeds to argue the merits in her Objections. The Court should not consider these arguments on the merits because the time for making them expired on July 6, 2009, and Respondent neither sought nor has she obtained an extension of time to make those arguments on the merits.

## Alternative Analysis of the Merits

If the Court chooses to reach the merits of the Motion, ignoring Respondent's default it should grant a certificate of appealability on Ground One. The question of whether Petitioner was denied counsel of choice is debatable among reasonable jurists, given the recent decision in *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006).

The Magistrate Judge recommended Ground Two for Relief be denied as procedurally defaulted. In that claim as made in this Court, Petitioner asserted he was denied effective assistance of counsel because he was forced to proceed with Mr. White instead of Mr. Nowicki and Mr. Nowicki would have been much better able to argue his claim that he was not guilty by reason of insanity. Necessarily, that claim depends on matter outside the record, to wit, a showing of what it was that Mr. Nowicki would have done on the NGRI claim. No attempt was ever made to present that case to the state courts. Petitioner argues in his Response to the Objections that somehow his very general claim of ineffective assistance of counsel, emphasizing how poorly he got along with Mr. White, was sufficient to raise that claim in the state courts. The Magistrate Judge disagrees but reluctantly concludes that claim would be debatable among reasonable jurists.

## Conclusion

Having reconsidered the matter in light of Respondent's Objections, the Magistrate Judge again respectfully recommends a certificate of appealability be granted on Petitioner's First and

Second Grounds for Relief.

August 25, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).